UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY DAHMEN, a married man,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL GROUP, INC., a Massachusetts corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation and wholly owned subsidiary of Liberty Mutual Group; LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a Massachusetts corporation and wholly owned subsidiary of Liberty Mutual Group; LIBERTY MUTUAL SHORT TERM DISABILITY PLAN, a disability plan under ERISA statutes; and LIBERY MUTUAL LONG TERM DISABILITY PLAN, a disability plan under federal ERISA statutes,<br><br>    Defendants. | No. 2:15-CV-76-SAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12 MOTION TO DISMISS** |

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 1**

Before the Court is Defendants' Rule 12 Motion to Dismiss, ECF No. 59. Defendant moves to dismiss newly added parties and limit ERISA claims against them. The Court held oral argument on the matter on May 26, 2016, where Plaintiff was represented by J. Scott Miller, and Defendants by James M. Barrett. The Court, considering the arguments of parties, the motions, filings, and pleadings, **grants** the motion in part and **denies** the motion in part, based upon the reasoning below.

### *Standard*

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts which, if taken as true, allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint does not need detailed factual allegations but it must provide more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. Id. When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 678.

//

//

//

//

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 2**

### *ERISA Claims*

First, Defendants seek to limit Plaintiff's ERISA case to a claim to recover individual plan benefits under 29 U.S.C. § 1132(a)(1)(B). The Court agrees. Plaintiff plausibly sets forth a claim for individual plan benefits when he alleges he was denied coverage under an ERISA plan that he was lawfully owed.

There are insufficient factual allegations for a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). Such causes can only lay when there are allegations of "systematic breach[es] of fiduciary obligations," *Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1165 (W.D. Wash. 2014). A fiduciary's mishandling of an individual benefit does not "violate any of the fiduciary duties defined in ERISA." *Amalgamated Clothing & Textile Workers Union v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988). In the Ninth Circuit, a plaintiff must allege that a fiduciary injured the plan itself or put plan assets at risk. *Wise v. Verizon Comm'cns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010). There are no such allegations in the complaint; this claim is dismissed.

Plaintiff alleges that Defendants, in charge of supervising the plan administrator, breached a fiduciary duty by failing to adequately supervise the claim process that resulted in a denial of Plaintiff's disability claims. However, "failure to monitor" claims can only survive when an underlying breach of fiduciary duty occurred. *In re Comp. Sci. Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1144 (C.D. Cal. 2009). Because there is no alleged underlying breach of fiduciary duty, there is no predicate duty that Defendants could have violated.

The final claim is for equitable relief, under section 1132(a)(3)(B). Again, Plaintiff does not allege any facts requesting equitable relief. Section 1132(a)(1)(B) allows Plaintiffs to make sure future payments are made ("clarify rights under the plan," 29 U.S.C. § 1132(a)(1)(B)), so there is no need to enjoin Defendants from denying future benefits under § 1132(a)(3)(B) at this point. Thus, any claim for equitable relief is denied.

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 3**

For the above reasons, only a claim for benefits under § 1132(a)(1)(B) survives the motion to dismiss.

### *Proper ERISA Defendants*

Plaintiff has sued all Defendants for violation of his ERISA rights. Defendants admit that the claims administrator and the plans themselves are proper Defendants under *Spinedex Phys. Therapy USA, Inc. v United Healthcare of Ariz.*, Inc., 770 F.3d 1282 (9th Cir. 2014). The parties disagree over whether Plaintiff's employer and the plan administrator, Liberty Mutual Insurance Company, and Liberty Mutual Group, Inc., the plan sponsor, are proper Defendants.

*1. Liberty Mutual Group, Inc. (LMGI)*: Defendants argue that because LMGI has no responsibility to resolve benefit claims, determine eligibility for benefits, or make binding claims decisions, it is not a proper defendant. *See, e.g.*, *Cox v. Reliance Standard Life Ins. Co.*, 1:13-CV-00204-AWI-JLT, 2014 WL 896985 at *2 (E.D. Cal. Mar. 6, 2014). This is true as far as it goes; the plan vests such discretion in the claims administrator, Liberty Life Assurance.

However, in *Cyr v. Reliance Standard Life Insurance Co.*, the Ninth Circuit makes clear that if a party has "any responsibility to pay" claims, it is an appropriate defendant. 642 F.3d 1202, 1207 (9th Cir. 2011) (plan insurer responsible to pay). The terms of the plan state that LMGI, as sponsor, is responsible to pay. The plan documents specifically state that the plans are "unfunded and self-insured by [LMGI]. Benefits are generally paid from the general assets of the *Plan Sponsor*." ECF No. 50 (SAC), Ex. D at 19 (emphasis added). Thus, even if LMGI has no authority to resolve claims, it still is responsible to pay them, and thus is an appropriate Defendant.

*2. Liberty Mutual Insurance Company (LMIC)*: According to the plan documents, "except as set forth . . . with respect to claims determinations," LMIC "has the authority, in its sole discretion, to construe the terms of this Plan, to

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 4**

determine eligibility to participate in the Plan, and to decide any other matters relating to the administration or operation of the Plan. Any such interpretations or decisions of the Plan Administrator shall be conclusive and binding." ECF No. 50, Ex. D at 16.

In *Spinedex*, the Ninth Circuit, citing and expanding on *Cyr*, held that "proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include . . . formally designated plan administrators," because section 1132(a)(1)(B) claims can be brought against "fiduciar[ies] of the plan," where a fiduciary is "*any* entity that exercises *any* discretionary authority or discretionary control respecting management of such plan . . . ." 770 F.3d 1282, 1298-99 (9th Cir. 2014) (emphases added).

The plan documents retain discretion to the plan administrator to construe the plan terms, to determine eligibility, and decide "any other matters relating to the administration or operation of the Plan." ECF No. 50, Ex. D at 16. This is sufficient to establish LMIC, as the plan administrator with discretion to change plan terms, as a fiduciary, and thus liable, for purposes of surviving the Rule 12 motion.

For the reasons above, an ERISA claim under 29 U.S.C. § 1132(a)(1)(B) survives against all Defendants.

### *Relation Back*

Per the terms of the short term plan, Plaintiff could not bring a civil action for denial of benefits until "the date on which [his] appeal rights [had] been exhausted," and "no more than one year after the time proof of claim is required." SAC, ECF No. 50, Ex. D at 123. Proof of claim is required by 90 days of the initial date of disability. Defendant argues that Plaintiff's initial date of disability is March 17, 2014, the date Plaintiff stopped working entirely.

Plaintiff had to (and did) submit a proof of claim within 90 days of March 17, 2014, which would be June 15, 2014. Thus, according to the one-year

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 5**

limitation, a suit would have to be brought within one year, by June 15, 2015. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, ___ U.S. ___, 134 S. Ct. 604, 611-12 (2013) (upholding contractual suit limitations in ERISA plans).

Since Plaintiff only named his employer (and plan administrator), LMIC, in the initial complaint, filed on March 4, 2015, the one-year time period to sue the other Defendants has passed (though the original complaint was filed within the one-year time period). Plaintiff argues that the suit is timely and that relation back applies for the new Defendants.

As a preliminary matter, this argument is only applicable for benefits under the short term plan. The long term plan explicitly holds that the contractual time period is three years. SAC, ECF No. 50, Ex. G at 23. Per Defendants' own analysis, any suit for claims under the long term plan are timely, as Plaintiff sued 60 days after proof of claim had been given, and sued by 2017.

Under certain circumstances, an amended complaint can "relate back" to the date that an original action was filed; thus, if an original complaint was timely, the expiration of a statute of limitations can be overcome. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857-58 (9th Cir. 2011) (purpose is to address and defeat statute of limitations problems). The relation back of new defendants not previously named in the original complaint is governed by Fed. R. Civ. P. 15(c)(1)(C). *See also G.F. Co. v. Plan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (purpose of Rule 15(c) is to protect a plaintiff who mistakenly targets the wrong defendant and then discovers, after a statute of limitations has run, the identity of the proper party).

There are three tests for determining if relation back applies, and Defendants admit two are satisfied: that the same conduct or transaction is involved, and that the new Defendants are notified within the period required by Rule 4(m) (service of summons and complaint). The parties contest the third requirement, that the new parties "knew or should have known that the action

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 6**

would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The new Defendants knew or should have known they were proper defendants in the case. They share the same attorney, and were responsible for removing the case to federal court because they knew it was properly an ERISA action and that the other parties were properly involved. The other Defendants were mentioned in the complaint, if not named as actual defendants. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 554-555 (2010) (proposed new defendant aware of mistake because it was represented by same counsel as initially named defendant).

Finally, the mistake of not naming the new Defendants in the original complaint was excusable. A deliberate choice not to sue is present when the plaintiff fully understands the legal and factual differences between the parties. *Krupski*, 560 U.S. at 552. It is apparent that the Plaintiff did not understand the legal differences between the Defendants. And knowledge of the existence of the other parties, even if evidenced in the complaint (again, which put other Defendants on notice) does not preclude a mistake, if Plaintiff misunderstands Defendants' status in the events giving rise to the suit. *Id.* The suit relates back, and the ERISA claim properly lays against all Defendants.

### *Employment Claims*

The parties contest the applicability of Plaintiff's common law and statutory employment claims against LMGI, the parent company of Plaintiff's employer, LMIC. These claims certainly stand at this point against the employer, but they are now dismissed against LMGI.

There is a clear legal difference between an "employer" for purposes of an insurance policy and an actual, legal employer. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1363 n.5 (10th Cir. 1993). Because of this, and because Plaintiff did not allege any facts sufficient to "overcome the strong presumption that a parent

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 7**

corporation is not the employer of its subsidiary's employees," *City of L.A. v. San Pedro Boat Works*, 635 F.3d 440, 453 (9th Cir. 2011), Plaintiff's employment claims cannot be sustained against the parent company. Plaintiff's employment claims are hereby dismissed against LMGI, and can lay only against LMIC, Plaintiff's former employer.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff may proceed under only one cause of action for his ERISA claims, under 29 U.S.C. § 1132(a)(1)(B).

2. All named Defendants remain in this action, and Plaintiff's ERISA claim properly lays against all. Plaintiff's employment claims can lay only against his former employer, Liberty Mutual Insurance Co.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 31st day of May, 2016.

Stanley A. Bastian
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 8**